UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 21-6-DLB-CJS
CRIMINAL CASE NO. 14-39-DLB-CJS

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              REPORT AND RECOMMENDATION

BRENT L. CRAWFORD                                                           DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter came before the Court for a competency hearing on October 15, 2021, to ascertain whether Defendant Brent Crawford is competent to proceed with trial. In May 2021, based on *pro se* filings made by Crawford and his demeanor during court proceedings, the Court found that Crawford's competency to continue with proceedings appeared to be in issue and found that a competency hearing was necessary. (2:21-cr-6-DLB-CJS, R. 15). Crawford was ordered to undergo an evaluation pursuant to 18 U.S.C. § 4241(b) to determine his competency prior to the competency hearing being held. (*Id.*). The competency evaluation occurred at the Metropolitan Correctional Center in New York City. All parties received the resulting Competency to Stand Trial Evaluation issued by licensed psychologist Ashley Jenkins in which Dr. Jenkins opines that Crawford is competent to stand trial.

On October 15, 2021, the Court conducted a competency hearing to address the issue of current competency. At the hearing, the parties appeared with counsel, and stipulated to the admissibility of Dr. Jenkins's report. The parties waived the right to examine the evaluator and waived introduction of other proof. Defense counsel provided no observations that conflict with

the conclusion that Crawford is competent and provided no argument against the conclusions in Dr. Jenkins's report.

To be competent to stand trial a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960). See also 18 U.S.C. § 4241(a); *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008). Following a hearing, a defendant is not competent if "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). In determining competency, the court may consider several factors, including evidence of a defendant's demeanor, and any medical opinions on competence to stand trial. *Miller*, 531 F.3d at 348.

As the parties have stipulated to both the admissibility and substance of Dr. Jenkins's report, proof of current competency largely consists of the analysis of Dr. Jenkins as contained in the report. Dr. Jenkins's report is a comprehensive assessment of Crawford's history, physical and mental condition, and circumstances. Dr. Jenkins reported that Crawford was interviewed on several occasions for a total of approximately six hours. Dr. Jenkins also based her opinion on Crawford's observed behaviors, multiple staff interviews, evaluator observations, collateral calls, and a review of Crawford's phone calls. Dr. Jenkins intended to conduct psychological testing on Crawford, but Crawford refused to comply. Dr. Jenkins noted that while Crawford was only intermittently cooperative throughout the interview process, he was respectful and engaged in brief evaluative conversations. Despite Crawford's lack of compliance with the evaluative process, Dr. Jenkins was able to reach diagnoses and was able to give the Court her professional opinion, that

2

to a reasonable degree of psychological certainty, Crawford is competent to stand trial and does currently possess a rational and factual understanding of the proceedings against him, has the current capacity to assist legal counsel in his defense, and can rationally make decisions regarding his legal strategy.

Regarding Crawford's ability to assist counsel, Dr. Jenkins noted that Crawford can communicate with counsel, and that Crawford has the capacity to make decisions regarding his rights and his case. Dr. Jenkins noted that Crawford has a factual understanding of the role of his attorney and that no psychiatric symptoms are currently preventing him from assisting his counsel, should he choose to. Regarding Crawford's ability to understand the proceedings factually and rationally, Dr. Jenkins noted that though Crawford would not answer any direct questions, he made statements indicating that he understood his current charges, their severity, his possible sentence, how his sentence would be calculated, and indicated that he believed he would receive a harsher sentence on federal charges rather than state charges. Regarding Crawford's ability to rationally make decisions regarding his legal strategy, Dr. Jenkins noted that Crawford's thought process was consistent with someone who had reviewed their case and had a strategy on how to defend himself. Dr. Jenkins concluded that there was no evidence to suggest any psychological factors that would impair Crawford's ability to assist his counsel with his defense or his rational and factual understanding of the proceedings against him.

Upon reviewing Dr. Jenkins's report, the Court finds that the opinion of Dr. Jenkins as to Crawford's competency is credible and based on a wide range of relevant information. The Court finds no evidence to indicate that Crawford is incompetent or otherwise challenge Dr. Jenkins's report findings that Crawford is competent to proceed. The evidence indicates that Crawford has a sufficient grasp of the facts of the case and the evidence against him to assist his attorney in his defense. In addition, the Court finds review of the record, as well as the Court's observations,

support a finding that Defendant can currently consult with his lawyer with a reasonable degree of rational understanding, can otherwise assist in his defense, has a rational understanding of the criminal proceedings in this case, and has a factual understanding of the proceedings against him.

Accordingly, it is hereby **RECOMMENDED** that the District Judge find Defendant Brent L. Crawford competent to face further proceedings.

The parties are directed to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Specific written objections must be filed within fourteen (14) days of service of this Report and Recommendation. Failure to object per Rule 59(b) waives a party's right to review.

Signed this 29th day of October, 2021.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\criminal cov\2021\21-6 & 14-39-DLB-CJS R&R re competency.docx